UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BASSIROU DIAW,

                    Petitioner,

        v.

MARKWAYNE MULLIN, TODD
BLANCHE, TODD LYONS, LAURA
HERMOSILLO, BRUCE SCOTT,

CASE NO. 2:26-cv-01600-BAT

**ORDER GRANTING PETITION AND ORDERING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting the Court order: (1) release him from immigration detention; (2) Respondents be enjoined from redetaining him without notice and a hearing; and (3) attorney fees and costs be awarded. The Court **GRANT**S the habeas petition as follows.

1.      Petitioner, a citizen of Senegal, entered the United States in October 2023. He was detained by Respondents and released on an Order of Release on Recognizance (OREC) on October 30, 2023. Petitioner was redetained in December 2025 in Alaska.

2.      Respondents contend Petitioner is subject to mandatory detention 8 U.S.C. § 1225 because he is an applicant for admission. The Court rejects the contention. First the Notice to Appear that Respondents issued in 2023 states Petitioner is "an alien present in the United States," and not "an arriving alien." Dkt. 7, Exhibit 1. Second, the record shows Petitioner was

ORDER GRANTING PETITION AND
ORDERING RELEASE - 1

released under an OREC and thus § 1226 governs his release and redetention. *See* § 1226(a)(2)(B). See 8 U.S.C. § 1226(a)(2)(B) (release or "conditional parole" under an OREC is authorized under § 1226); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226); *Evangelina Herra Gomez v. Wamsley*, 2026 WL 279666 at *2 (W.D. Wash. Feb 3, 2026) (a petitioner released pursuant to an OREC under § 236 was released under § 1226(a), not § 1225(b)). Accordingly, the Court finds Petitioner's detention is governed by 8 U.S.C. § 1226.

3. Petitioner contends he was redetained in violation of due process, and Respondent argues Petitioner's redetention was lawful. As to this dispute, the parties apply the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and (3) the Government's interest and burdens additional procedural safeguards would entail. *Id.* at 334-35.

4. Respondents "acknowledge that Petitioner had liberty interest in his continued freedom from detention while on release." The Court thus finds the first *Mathews* factor weighs in Petitioner's favor as freedom from detention is the liberty protected by the Due Process Clause. *See e.g. Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvydas v. Davis,* 533 U.S. at 693. Respondents argue the second factor, risk of erroneous deprivation, tilts in their favor because Petitioner was detained in Alaska and violated his duty to update a change of address from New York to Alaska. Petitioner disputes this claiming that four days before his arrest, he submitted a change of address request which was processed by USCIS. Given the dispute of fact this factor favors neither side. And lastly the Court finds the third *Mathews* factor favors

ORDER GRANTING PETITION AND
ORDERING RELEASE - 2

Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B, v. Wasmley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

6.     The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and most of the *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

1.     Petitioner's petition for writ of habeas corpus is **GRANTED**.

2.     Respondents shall **RELEASE** Petitioner within 24 hours of the date and time this order is filed.

3.     Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

4.     The Court denies any blanket request that Respondents be enjoined from ever redetaining Petitioner again without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him. However, Respondents are **PROHIBITED** from redetaining Petitioner for invalid reasons or no reason at all.

5.     Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute.

ORDER GRANTING PETITION AND
ORDERING RELEASE - 3

6.    The clerk shall provide a copy of this order to all counsel.


DATED this 3rd day of June, 2026.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
ORDERING RELEASE - 4